Francisca Sotomayor, demandante y apelante, v. Thomas H. Smallwood, et al., asociados y haciendo negocios bajo el nombre común de Smallwood Brothers, y The Great American Indemnity Co., demandados y apelados.

Núm. 7004.—*Sometido:* Marzo 17, 1937.—*Resuelto:* Marzo 31, 1937.

*José Veray, Jr.,* abogado de la apelante; *Juan Valldejuli,* abogado de los apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Los hechos aceptados por ambas partes, pueden resumirse así:

El día 19 de febrero, 1932, como a las 4.30 P. M., un automóvil marca "Ford," propiedad de los demandados y guiado por Luis Bellaflores, Jr., caminaba por la carretera pública en dirección de Isabela hacia Aguadilla. En dirección contraria, o sea de Aguadilla hacia Isabela, viajaba un automóvil marca "Packard," conducido por Gonzalo Aponte. Al lado izquierdo de la carretera, siguiendo la dirección de Isabela a Aguadilla, se encontraban varias jóvenes y entre ellas la demandante. Al cruzarse los dos automóviles chocaron uno con otro y como consecuencia de ese choque el "Packard" se desvió en la dirección del sitio donde estaba

la demandante, la que fué arrollada, sufriendo lesiones por las que reclama daños y perjuicios.

La acción de la demandante se basa en la alegación de que el accidente se debió única y exclusivamente a la culpa, negligencia y descuido de Luis Bellaflores, Jr., quien conducía el vehículo "Ford," actuando como empleado de los demandados Smallwood Brothers.

En su defensa alegaron los demandados que el accidente no fué motivado por la negligencia de su empleado y sí por la culpa y negligencia de Gonzalo Aponte, conductor del carro "Packard."

Celebrada la vista, la Corte de Distrito de Aguadilla dictó sentencia declarando sin lugar la demanda, sin especial condenación de costas. La demandante apeló y en su alegato señala como errores cometidos por la corte sentenciadora los siguientes:

1. Haber desestimado la demanda y dictado sentencia a favor. de los demandados.
2. Haber permitido declarar al Juez Municipal de Aguadilla, haciendo éste referencia a las minutas o notas tomadas por él en la causa criminal seguida contra Luis Bellaflores, Jr.

El primer error señalado se refiere a la suficiencia de la evidencia presentada por la demandante para sostener su teoría del caso y a la alegada apreciación errónea de la prueba por el juzgador. Y para resolverlo hemos hecho un cuidadoso estudio de la transcripción de la evidencia.

Las declaraciones de los testigos de la demandante tendían a probar que el "Ford", poco antes del choque, marchaba despacio, salido de su derecha, hacia la izquierda; que la persona que lo guiaba, o sea Luis Bellaflores, Jr., venía distraído mirando hacia la demandante y tres muchachas más que estaban paradas a la izquierda, frente a una tiendita, a orillas de la carretera; y que a medida que se iba acercando hacia el sitio donde estaban las muchachas el "Ford" se desviaba más hacia la izquierda.

La prueba de los demandados tendió a probar que el conductor del "Packard" y sus dos acompañantes no se encontraban en estado normal, por haber tomado bebidas embriagantes; que el "Packard" venía a gran velocidad en el momento de cruzarse con el "Ford," y que al tratar su conductor de desviarlo le dió al "Ford" y el exceso de velocidad lo arrastró hacia la derecha, causándole las lesiones a la demandante; que antes de chocar con el "Packard" y en el momento del choque el carro "Ford" marchaba por el lado derecho de la carretera.

Salvador Planas de Val, testigo de los demandados, declaró ser socio y amigo de Gonzalo Aponte, que es la persona que guiaba el carro "Packard" en el momento del accidente; que estando en Mayagüez el día de autos el declarante aconsejó a Gonzalo Aponte que tomara un chófer para que le guiara el carro porque en el estado en que estaba Aponte después de haber tomado licor, pues habían estado de fiesta, no le parecía prudente que él siguiera guiando el "Packard"; que un poco antes del sitio donde ocurrió el accidente, le llamó la atención que Gonzalo Aponte no iba guiando el carro de manera cuidadosa, pues después que le pasó hizo una serie de zigzags; que Gonzalo Aponte cuando sale a la Isla lleva consigo a su empleado Emilio Fernández para que le maneje el carro, porque Aponte "por lo general, después que termina su trabajo le gusta darse sus palitos y quiere tener un hombre de confianza que le maneje el carro y porque además es muy nervioso manejando en las carreteras"; que el día de autos Emilio Fernández estaba tan picado como Aponte; que presenció el accidente y vió cuando el "Packard" al hacer uno de los zigzags le dió un "cantazo" al "Ford" que venía en dirección contraria y por su derecha.

La corte sentenciadora resolvió el conflicto que presentaba la evidencia, dando crédito a las declaraciones de los testigos de la parte demandada. Somos de opinión que la corte procedió correctamente y que la prueba aducida por los deman-

dados era más que suficiente para dejar establecida como causa directa e inmediata del accidente la negligencia del conductor del automóvil "Packard."

No cometió la corte inferior el segundo error imputádole. Del récord aparece que el abogado de los demandados sentó debidamente las bases para la impugnación de las declaraciones de varios testigos de la demandante, preguntando a cada uno de dichos testigos si era o no cierto que hubiese declarado ante el Juez Municipal de Aguadilla en el sentido de que el testigo no se había dado cuenta del accidente. Y habiendo negado dichos testigos que ellos hubiesen hecho al juez municipal declaraciones distintas a las que hicieran en el acto del juicio, el abogado de los demandados ofreció la declaración del señor Víctor Igartúa, Juez Municipal de Aguadilla, quien en su carácter oficial había practicado una investigación del accidente. Al preguntarle el abogado de los demandados si podía informar a la corte sobre lo que habían declarado ante él los testigos Gaspar A. Gorbea, Emilio Fernández y Rosa Sotomayor, manifestó el Juez Municipal declarante que para recordarlo tendría que referirse a las notas tomadas por él en el acto de la investigación. La corte permitió al testigo que refrescase su memoria leyendo las notas tomadas por él durante el curso de la investigación, y después de haberlas leído declaró que los testigos impugnados habían declarado ante él que no se habían dado cuenta del accidente; y que no sabían hacia dónde iba mirando el conductor del "Ford" momentos antes del choque.

La regla generalmente aceptada es que las notas sobre determinados hechos, tomadas por un testigo, pueden ser usadas por éste para refrescar su memoria, aun cuando el testigo no se recuerde de los hechos en el momento de declarar, siempre que él recuerde que cuando tomó las notas sabía que eran ciertas y pueda, por lo tanto, jurar que fueron hechas correctamente. Véase: 22 C. J. §1091, pág. 893.

En el caso de autos las notas tomadas por el Juez Municipal no fueron ofrecidas en evidencia. Solamente se permi-

tió al testigo que las leyera para refrescar su memoria. Y al permitirlo no cometió la corte error alguno.

*Debe confirmarse la sentencia apelada.*